IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES P. CAMPBELL,<br>    Plaintiff,<br><br>    v.<br><br>UNITED PARCEL SERVICES, INC.,<br>INTERNATIONAL BROTHERHOOD OF<br>TEAMSTERS, TEAMSTERS LOCAL<br>249, DAVID ZIMMERMAN, CATHY<br>CLINE and ROCCO DEFILIPO,<br>    Defendants. | Civil Action No. 06-0998 |

MEMORANDUM AND ORDER

Gary L. Lancaster,
District Judge.                                February 6, 2007

This is an action alleging employment discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq., ("ADA") and the Pennsylvania Human Relations Act, 43 P.S. §§ 951, et seq. ("PHRA").[1]  Specifically, plaintiff alleges that defendants discriminated against him on the basis of his disability, insulin dependent diabetes, by, *inter alia,* refusing to find an appropriate position for him and harassing him.  Plaintiff further alleges that defendants International Brotherhood of Teamsters and Teamsters Local 249 are, pursuant to

---

[1] Plaintiff has also invoked Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-4 through 2000e-9, et seq., ("Title VII") "as such statutes apply to the ADA pursuant to 42 U.S.C. § 12117". Plaintiff's Compl. at ¶ 1.

1

the doctrine of respondeat superior, liable for "the conduct of individual employees acting within the context of their management/supervisory capacity when such conduct was harassing, discriminatory, or retaliatory in nature." Plaintiff's Compl. at ¶ 14.  Plaintiff also contends that "Defendant Union has failed to properly represent Plaintiff and breached its the (sic) duty of fair representation owed to him."  Plaintiff's Compl. at ¶ 15.

Defendant International Brotherhood of Teamsters has filed a motion to dismiss plaintiff's claims [doc. no. 10]. Defendant contends that the factual allegations of the complaint, even when viewed in the light most favorable to plaintiff, fail to state a claim against it for violating the ADA or the PHRA. Defendant specifically contends that plaintiff has failed to allege an agency relationship between it and Defendant Teamsters Local 249.  Defendant further contends that plaintiff has failed to allege facts sufficient to establish a claim for a breach of the duty of fair representation.

A claim may not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Because it cannot be said, at this juncture, that the plaintiff can prove no set of facts that would entitle him to relief from defendant

International Brotherhood of Teamsters, the motion is denied, without prejudice to defendant's right to renew its arguments on a more fully developed record.

THEREFORE, this 6th day of February, 2007, it is HEREBY ORDERED THAT defendant International Brotherhood of Teamsters' motion to dismiss [doc. no. 10] is DENIED WITHOUT PREJUDICE.

BY THE COURT,

_____